THE STATE v. ANTHONY BUOMERBA.

Decided June 7, 1923.

**Criminal Actions—Weight of Evidence Necessary to Set Aside Verdict.**

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

Supreme Court—State v. Buomerba.

For the plaintiff in error, *Wilbur A. Heisley.*

For the state, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The defendant was convicted upon an indictment charging him with the crime of rape, committed upon the body of one Margaret McDonald, a girl eighteen years of age. The only ground upon which we are asked to set aside the conviction is that the verdict is against the weight of the evidence.

In the case of *State* v. *Karpowitz,* 1 *N. J. Adv. R.* 94, the Court of Errors and Appeals declared that "to justify a court in setting aside a verdict in a criminal case on the ground that it is against the weight of the evidence, the verdict must so clearly appear that it is against the weight of the evidence as to give rise to the inference that it is the result of mistake, passion, prejudice or partiality."

Our examination of the testimony returned with the writ leads us to the conclusion that the attack upon the verdict cannot be justified, under the principle laid down in the cited case. The mere fact that a reading of the testimony leaves the minds of the judges who constitute the reviewing tribunal in a state of doubt as to the guilt of the defendant will not justify a declaration by it that the verdict is against the weight of the evidence. And this is particularly true in view of the fact—pointed out in the cited case—that testimony which seems convincing in print would often be unconvincing if heard in court from the lips of witnesses. The jury had the opportunity of personally seeing and observing the demeanor of the witnesses in the present case, and they were better qualified to judge of the credibility of those witnesses and the weight to be accorded to their testimony than we are; and, this being so, even if we were in doubt as to the soundness of the jury's finding by a reading of the printed case, that fact would afford no reason for setting aside this conviction.

The judgment under review will be affirmed.